Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
(Filed Electronically)

**CRIMINAL ACTION NO. 5:24-CR-17-BJB**

**UNITED STATES OF AMERICA,**            **PLAINTIFF,**

**vs.**

**TIMOTHY PEW,**            **DEFENDANT.**

## DEFENDANT'S SENTENCING MEMORANDUM

Comes the Defendant, Timothy Pew ("Defendant" or, in the alternative, "Mr. Pew"), by counsel, and respectfully requests this Honorable Court to consider the following factors and sentence Mr. Pew to a period of three years of probation. In support, the Defendant states as follows:

### I. INTRODUCTION

The Defendant entered a plea of guilty to the seven counts contained within the Indictment. Mr. Pew pleaded guilty to seven counts of Wire Fraud. Mr. Pew entered an open plea on February 21, 2025. DN 21. Mr. Pew is scheduled to be sentenced on July 21, 2025.

### II. PRE-SENTENCE REPORT

**Objections**

There are two objections to the Final Pre-Trial Sentencing Report. DN 25.

1

**Objection Number One:**

The defense objects to the 2-level enhancement found in paragraph 28 of the final PSR. DN 25. This enhancement relies upon USSG 2B1.1(b)(10)(C). The relevant portion of 2B1.1(b)(10)(C) requires a 2-level enhancement if "the offense otherwise involved sophisticated means, and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." Sophisticated means is defined in Application Note 9 as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense."

Mr. Pew contends the scheme involved in the instant offense was not a particularly complicated one. Mr. Pew created a new bank account, in his own name, and routed company funds to that account by presenting false invoices from non-existent businesses. To further his scheme, he wrote false emails masked as emails from individuals working for the non-existent businesses. He was not routing money to shell companies, sending funds to offshore accounts, or engaging in any other type of deceptive behavior. Upon becoming suspicious of Mr. Pew's financial transactions, the company was able to determine that Mr. Pew had engaged in fraudulent behavior by making a handful of phone calls to businesses, which confirmed they had not sent the fictitious invoices Mr. Pew had been submitting. Mr. Pew's actions were typical for a standard fraud scheme and do not rise to the level of warranting application of 2B1.1(b)(10)(C).

**Objection Number Two:**

The defense objects to the 2-level enhancement found in paragraph 30 of the final PSR. DN 25. This enhancement relies upon USSG 3B1.3, which applies if Mr. Pew "abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." United States v. Tatum, 518 F.3rd. 369 (6th Cir. 2008) discusses the types of relationships typically at play when this enhancement is applied. "The

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

2

rationale for the sentencing enhancement at issue here is virtually analogous to the type of punishment routinely administered for violating a fiduciary duty, which involves a higher duty than is placed upon persons that do not occupy positions of trust." Id. at 373, citing United States v. Gilliam, 315 F.3rd. 614, 618 (6th Cir. 2003). "The Gilliam Court further states that the examples in the Guidelines of trust relationships 'translate directly to the types of relationships where a 'fiduciary duty' exists by implication (e.g. physician-patient, lawyer-client, officer-organization, etc.).'" Tatum at 373, citing Gilliam at 618.

  Mr. Pew contends he did not possess any type of fiduciary duty to either the victim company, or their vendors. Mr. Pew had to submit expense reports which were reviewed and approved by others within the company. The fact that he possessed a company credit card is not dispositive of whether this enhancement should apply. The defendant in Tatum was an officer manager who also had access to company funds. Applying the tests mentioned above, the 6th Circuit held that she did not hold a position of trust and held that applying the 2-level enhancement was error. Mr. Pew was similarly situated to the defendant in Tatum. He did not occupy a "position of trust" and therefore the 2-level enhancement should not be applied in this case.

### III. STATUTORY SENTENCING RANGE

  Mr. Pew has pleaded guilty to the seven counts within the Indictment which each carry a penalty of not more than twenty years imprisonment, a fine of not more than $250,000, and not more than three years supervised release.

### IV. ADVISORY GUIDELINE RANGE

  The Pre-Sentence Report provides a Total Offense Level of 18. DN 25, at ¶¶36 and 72. Mr. Pew's criminal history falls within Criminal History Category I. Id. at ¶¶43 and 72. A Final Offense Level 18 and Criminal History Category I results in an advisory Guideline range of 27-33

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

3

months. *Id*. at ¶72.

As stated previously in this memorandum, Mr. Pew objects to the Total Offense Level of 18. Mr. Pew believes the correct Total Offense Level should be 14. A Total Offense Level of 14 and Criminal History Category I results in an advisory Guideline range of 15-21 months.

## V. SENTENCING LAW

The advisory sentencing guideline range is but one factor for the Court to consider when fashioning an appropriate sentence. Specifically, the Court must consider the advisory guidelines *as well as other factors* in arriving at a "reasonable" sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing imposed by 18 U.S.C. §3553(a)(2). Specifically, 18 § U.S.C. 3553(a) requires:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed–
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> **(3)** the kinds of sentences available;
>
> **(4)** the kinds of sentence and the sentencing range established for–

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

4

 **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines–

 **(I)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

 **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

 **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

**(5)** any pertinent policy statement--

 **(A)** issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

 **(B)** that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

Another statute that also impacts sentencing in the case at hand is 18 U.S.C. §3661. It requires that "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

5

The district court must give consideration to the guidelines in determining a sufficient sentence, but it may not presume that the guideline sentence is the correct one. *Gall v. United States,* 552 U.S. 38, 46 (2007) and *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007). In fact, the Court is free to consider whether the advisory guideline sentence itself "fails properly to reflect §3553(a) considerations" in this case, and/or whether the advisory guideline at issue exemplifies the Sentencing Commission's "exercise of its characteristic institutional role."*Rita, supra* at 2465 and *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007).

## VI. DISCUSSION

Mr. Pew is asking this court to impose a sentence of probation for a period of three years. A sentence of probation for a period of three years is a sentence that is sufficient but not greater than necessary to accomplish the sentencing factors is 18 U.S.C. §3553. A sentence of probation for a period of three years is also not drastically out of line with sentences other similarly situated defendants receive. The PSR provides the JSIN data for other defendants sentenced under USSG 2B1.1, who have a Total Offense Level of 18 and a Criminal History Category I. 72 such individuals received a sentence that did not involve incarceration. DN 25 at ¶74. For those whose sentences did result in a period of incarceration, the average period of incarceration was 19 months and the median sentence was 18 months, both significantly lower than the low-end of the guideline range. Id. If the Court were to sustain Mr. Pew's objections to the calculation of the Total Offense Level in this case, then the JSIN data is even more supportive of a probated sentence. Of those who were sentenced under USSG 2B1.1, who had a Total Offense Level of 14 and a Criminal History Category I, approximately 22% received a sentence that did not include a period of incarceration

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

6

(102 individuals fall into this category).[1]  The average period of incarceration for those who received a sentence requiring incarceration was 10 months with the median sentence for those receiving a sentence of incarceration was 12 months.

Mr. Pew's crimes stem from a gambling addiction.  Mr. Pew has sought and completed treatment for that addiction and continues to receive additional weekly treatment for that addiction.  The instant offense is the sole conviction he has ever received.  For nearly forty years Mr. Pew was a law abiding citizen who went to work, took care of his family, and served his country.  In the time since the instant offense he has done everything possible to make sure nothing like this will ever happen again.  He has been able to turn his life around, finding a since of peace in his treatment, a sense of joy in his new employment, and a sense of purpose while reconnecting with his wife and children.  Sentencing Mr. Pew to a period of incarceration will not advance any purpose other than retribution.

Mr. Pew is the primary provider to his wife and two children.  He is currently working employed as a production supervisor in Clarksville, TN.  He is making approximately $90,000 per year, an amount that allows him to provide for his family.  If Mr. Pew is incarcerated, that source of income will be lost and his family is not sure how it can be replaced.  DN 25 at ¶52.  There is more than $250,000 of restitution that is owed by Mr. Pew to his former employer.  That is a large amount of money, but it is also an amount that can reasonably be expected to be repaid, but only if Mr. Pew is able to continue working.

Mr. Pew has a significant amount of family and community support.  Numerous family members and friends have written letters in support of him.  Each of those letters makes note of the

---

[1]This information can be found by using the interactive grid found at https://jsin.ussc.gov/analytics/saw.dll?Dashboard.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

7

personal growth they have seen in Mr. Pew since the instant offense took place. They document the process that he has undertaken in order to ensure that nothing like this happens again in the future. Included with this memorandum is Mr. Pew's yearly employment review. Mr. Pew insisted that it be included in its entirety - which shows that he is a valued member at his current job, while also documenting areas where he can improve, something that Mr. Pew strives to do every day.

Also included with this memorandum is a letter written by Mr. Pew explaining the depths of depression and despair he was suffering at the time of the instant offense. The suicidal thoughts he was dealing with, the shame that he felt as he knew he was disappointing his family, his co-workers, and most importantly himself. Mr. Pew has seen rock bottom and he has picked himself up and is in the process of undertaking the life-changing work that is required in order to make sure that he never goes back to the place where he was at during the depths of his addiction.

A sentence of probation is a fair sentence in the instant offense. Mr. Pew will be labeled a convicted felon for the rest of his life, carrying with it meaningful consequences for someone like himself. It punishes Mr. Pew, allows for supervision to ensure he remains on the path that he has been on since the offense took place, and allows him an opportunity to continue to provide for his family. A sentence of probation is sufficient but not greater than what is necessary to accomplish all of the sentencing goals outlined in 18 U.S.C. §3553(e). A sentence of probation allows for the possibility of future incarceration should Mr. Pew return to the type of activity that led him to this court. Mr. Pew's behavior while on supervised release should be an indicator of the type of behavior the court can expect should Mr. Pew be sentenced to a period of probation.

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Office of the
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, KY 40202

Tel (502) 584-0525
Fax (502) 584-2808

Respectfully submitted,

/s Aaron M. Dyke
Assistant Federal Defender
629 S. Fourth Street
Suite 200
Louisville, Kentucky 40202
(502) 584-0525
Counsel for Defendant

## **CERTIFICATE**

This is to certify that a true copy of the foregoing motion was served on the United States by electronically filing same to Mr. Raymond McGee, Esq., Assistant United States Attorney, this 14th day of July, 2025.

s/ Aaron M. Dyke